# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

Case No. 22-13591-DD

---

IN RE:  SEVEN STARS ON THE HUDSON CORPORATION

## SEVEN STARS ON THE HUDSON
## CORPORATION, d/b/a ROCKIN' JUMP

*Appellant,*

v.

## MDG POWERLINE HOLDINGS, LLC AND
## XBK MANAGEMENT LLC, d/b/a XTREME ACTION PARK

*Appellees.*

---

On Appeal from the United States District Court for the
Southern District of Florida
District Court Case No. 22-CIV-60299-Ruiz II

---

## ANSWER BRIEF OF APPELLEE MDG POWERLINE HOLDINGS, LLC

Scott A. Hiaasen, Esq.
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, PH1
Miami, Florida 33133
Tel: (305) 858-2900 / Fax: (305) 858-5261
shiaasen@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
*Counsel for Appellee,*
*MDG Powerline Holdings, LLC*

Case No. 22-13591-DD

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Appellee, *MDG Powerline Holdings, LLC*, hereby states the following individuals and entities have an interest in the outcome of this appeal:

Berding, Jens

Bilzin Sumberg Baena Price & Axelrod LLP

Brookmyer, Gary

Coffey Burlington PL

Daly, Kathleen A.

Dezer, Michael

Goldfarb, David

Grossman, Hon. Scott

Hiaasen, Scott

Jacobs, Kai

Law Office of Kathleen Daly, P.A.

Manzo-Berding, Eddy

MDG Powerline Holdings, LLC

Primetime Amusements

Reimer, David

C1 of 2

Case No. 22-13591-DD

Raffanello, Susan

Ruiz, Hon. Rodolfo A.

Sakalo, Jay

Seven Stars on the Hudson Corp.

Snyder, Jeffrey

South Florida Business Law Group

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure, there is no parent corporation or publicly held corporation that owns more than 10% of Appellee's stock.

COFFEY │ BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

## STATEMENT REGARDING ORAL ARGUMENT

Appellee MDG Powerline Holdings, LLC, states that oral argument is not necessary in this matter. The dispositive issues in this matter were authoritatively decided in favor of the Defendants in a 44-page Memorandum Opinion by the Bankruptcy Court which was affirmed in all respects on appeal to the District Court in a 25-page Opinion. Seven Stars' appeal does not challenge any of the substantive factual and legal conclusions contained in either of those Orders. The facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

Case No. 22-13591-DD

# TABLE OF CONTENTS

**Page(s)**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........................................................... C-1of 2

STATEMENT REGARDING ORAL ARGUMENT ............................................... i

TABLE OF CONTENTS ..................................................................................... ii

TABLE OF CITATIONS ................................................................................... iii

STATEMENT ON JURISDICTION ................................................................... 1

STATEMENT OF THE ISSUES ........................................................................ 2

STANDARD OF REVIEW ................................................................................. 4

STATEMENT OF THE CASE AND PROCEDURAL HISTORY ......................... 6

    A.  The Bankruptcy Court's Scheduling Orders and Seven Stars' Pursuit of a 'Litigation Funding Agreement' in Its Chapter 11 Case. ............................ 7

    B.  Appellant's Failure to Disclose Any Damages Computations or Evidence ......................................................................................................... 10

    C.  Appellant's Untimely and Contradictory Declaration ................................. 12

    D.  The Bankruptcy Court's Memorandum Opinion Granting Summary Judgment and Striking the Sham Declaration. ................................................ 14

    E.  The District Court Order Affirming the Summary Judgment Order on Appeal ............................................................................................................. 16

SUMMARY OF THE ARGUMENT ................................................................. 20

ARGUMENT .................................................................................................. 22

    I.  The Bankruptcy Court Was Within Its Discretion in Denying Seven Stars' Motion to Extend the Discovery Deadline ................................... 22

    II.  Fed. R. Bankr. P. 9006(b) and the 'Excusable Neglect' Standard Are Not Applicable ............................................................................................ 30

    III.  Seven Stars was NOT Sanctioned Under Fed. R. Civ. P. 37(c) ................. 37

    IV.  The Bankruptcy Court Correctly Granted Summary Judgment .................. 43

CONCLUSION ............................................................................................... 46

CERTIFICATE OF COMPLIANCE ................................................................. 47

CERTIFICATE OF SERVICE ......................................................................... 48

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 22-13591-DD

# TABLE OF CITATIONS

**Page(s)**

## Cases

*Access Now, Inc. v. Sw. Airlines Co.*,
  385 F.3d 1324 (11th Cir. 2004) .................................................................32

*Advanced Estimating Sys., Inc. v. Riney*,
  130 F.3d 996 (11th Cir. 1997) .................................................................35

*Allen Russell Pub., Inc. v. Levy*,
  109 F.R.D. 315 (N.D. Ill. 1985).................................................................27

*Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*,
  389 F.3d 1339 (11th Cir. 2004) ................................................. 23, 40, 42

*Bowe v. Pub. Storage*,
  106 F.Supp.3d 1252 (S.D. Fla. 2015) .......................................................35

*Cheney v. Anchor Glass Container Corp.*,
  71 F.3d 848 (11th Cir. 1996) .................................................................35

*Destra v. Demings*,
  725 Fed. Appx. 855 (11th Cir. 2018).......................................................31

*Hamilton v. Southland Christian Sch., Inc.*,
  680 F.3d 1316 (11th Cir. 2012) ................................................... 32, 36

*In re ATM Fin. Services, LLC*,
  517 Fed. Appx. 840 (11th Cir. 2013).......................................................32

*In re Kane*,
  755 F.3d 1285 (11th Cir. 2014) .................................................................4

*In re Le Ctr. on Fourth, LLC*,
  17 F.4th 1326 (11th Cir. 2021) .................................................................4

*In re Treco*,
  00-8137, 2001 WL 1566701 (Bankr. S.D.N.Y. Dec. 10, 2001).........................27

*Insight Sec., Inc. v. Deutsche Bank Tr. Co. Americas*,
  2022 WL 2313980 (11th Cir. June 28, 2022)....................................23

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

*Izquierdo v. Certain Underwriters at Lloyd's London*,
2021 WL 3197008 (11th Cir. July 29, 2021).....................................................40

*Jetport, Inc. v. Landmark Aviation Miami, LLC*,
2017 WL 7732868 (S.D. Fla. July 11, 2017)....................................................42

*Josendis v. Wall to Wall Residence Repairs, Inc.*,
662 F.3d 1292 (11th Cir. 2011) ................................................................ 23, 30

*Lavigne v. Herbalife, Ltd.*,
967 F.3d 1110 (11th Cir. 2020) .........................................................................44

*Liebman v. Metro. Life Ins. Co.*,
708 Fed. Appx. 979 (11th Cir. 2017).................................................................44

*Lindsey v. Ocwen Loan Servicing, LLC*,
2011 WL 2550833 (N.D. Tex. June 27, 2011) ..................................................27

*McCormick v. City of Fort Lauderdale*,
333 F.3d 1234 (11th Cir. 2003) .........................................................................44

*Miss. Chem. Corp. v. Dresser–Rand Co.*,
287 F.3d 359 (5th Cir.2002) ..............................................................................34

*Pecarsky v. Galaxiworld.com Ltd.*,
249 F.3d 167 (2d Cir. 2001)...............................................................................27

*Perez v. Wells Fargo N.A.*,
774 F.3d 1329 (11th Cir. 2014) .........................................................................31

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*,
507 U.S. 380 (1993)..................................................................................... 32, 36

*Pyatt v. AECOM Tech. Servs., Inc.*,
2021 WL 4147091 (11th Cir. Sept. 13, 2021) ...................................................23

*Rigby v. Philip Morris USA, Inc.*,
717 Fed. Appx. 834 (11th Cir. 2017)..................................................................42

*Rinieri v. News Syndicate Co.*,
385 F.2d 818 (2d Cir.1967)................................................................................27

COFFEY │ BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 22-13591-DD

*Romero v. Drummond Co. Inc.*,
  552 F.3d 1303 (11th Cir. 2008) ...........................................................40

*Sosa v. Airprint Sys., Inc.*,
  133 F.3d 1417 (11th Cir. 1998) .............................. 4, 18, 22, 23, 28, 31

*St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*,
  5 F.4th 1235 (11th Cir. 2021) .......................................... 23, 24, 29, 37

*Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.*,
  320 F.3d 1213 (11th Cir. 2003) ...........................................................34

*Taylor v. Mentor Worldwide LLC*,
  940 F.3d 582 (11th Cir. 2019) .........................................................5, 12

*Thurmond v. Bayer Healthcare Pharm., Inc.*,
  649 Fed. Appx. 1003 (11th Cir. 2016)...................................................4

*Tims v. LGE Community Credit Union*,
  935 F.3d 1228 (11th Cir. 2019) ...........................................................44

*Van T. Junkins & Assoc., Inc. v. U.S. Indus., Inc.*,
  736 F.2d (11th Cir. 1984) ....................................................................44

*Wisconsin Carpenters Pension Fund, v. Jokipii Demolition LLC*,
  2007 WL 1308847 (E.D. Wis. May 2, 2007) .......................................27

*World Thrust Films Inc. v. Int'l Family Entm't, Inc*.,
  141 F.3d (11th Cir. 1995) ....................................................................36

**<u>Rules</u>**

Bankr. P. 7016(a) .....................................................................................22

Fed. R. App. P. 32.....................................................................................46

Fed. R. Bankr. P. 9006..............................................................................31

Fed. R. Civ. P. 6 .................................................................................. 30, 31

Fed. R. Civ. P. 16(b) ...................................... 9, 15, 16, 18, 20, 22, 25, 31

Fed. R. Civ. P. 26(a)(1)............................................................................10

v

Case No. 22-13591-DD

Fed. R. Civ. P. 37(c)(1).........................14, 15, 16, 17, 20, 21, 37, 38, 39, 40, 41, 42

Fed. R. Civ. P. 41 .........................................................................................36

Fed. R. Civ. P. 55 .........................................................................................27

Fed. R. Evid. 701 (commentary)...................................................................34

Fed. R. App. P. 26.1................................................................................. i, ii

Fed. R. Bankr. P. 9006 ...................................... 16, 17, 18, 20, 30, 31, 32

Rule 701 ........................................................................................................34

COFFEY │ BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 22-13591-DD

## STATEMENT ON JURISDICTION

Appellee does not dispute that this Court has jurisdiction to hear this appeal, however the standard of review asserted by Seven Stars is incomplete.

COFFEY │ BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 22-13591-DD

## STATEMENT OF THE ISSUES

In the underlying adversary proceeding, the Bankruptcy Court granted summary judgment in favor of Defendant-Appellee MDG Powerline Holdings, LLC ("MDG Powerline") after finding that Plaintiff-Appellant Seven Stars on the Hudson Corp. ("Seven Stars" or "Appellant") had failed to produce evidence to support the element of damages for any of its claims. *See* Seven Stars' Appendix ("SS App.") at 65-112 (the "Memorandum Opinion").[1] The Bankruptcy Court's Memorandum Opinion was affirmed in all respects by the District Court on appeal. SS App. At 7-31. In this second appeal, as in its appeal to the District Court, Seven Stars pays little attention to the substance of the Bankruptcy Court's Memorandum Opinion – and it ignores altogether the District Court's Order affirming the Bankruptcy Court (the "District Court Order"). Ultimately, Seven Stars does not challenge any of the substantive legal conclusions of either the Bankruptcy Court or the District Court. Rather, Seven Stars' primary argument on appeal is that the Bankruptcy Court erred by denying its motion for an extension of the expert discovery deadlines (filed weeks after the expert disclosure deadline had already passed) contained in that Court's Scheduling Order. Specifically, Seven Stars argues that the Bankruptcy Court's denial of its motion to extend the expert

---

[1] For ease of reference, citations to Seven Stars' Appendix will be referred to throughout as "SS App. at ___" and MDG Powerline's Supplemental Appendix will be referred to as "MDG App. at ___."

2

Case No. 22-13591-DD

discovery deadline – after granting three prior extensions – was an abuse of discretion because, at the time that Seven Stars sought this relief, it was seeking "litigation funding" from a third party to pay for an expert witness on damages. Seven Stars contends that, as a consequence of the Bankruptcy Court's order denying its request for an extension of the expert disclosure deadline, it was unable to prove its damages claims because it lacked a damages expert, resulting in the Bankruptcy Court's summary judgment ruling in favor of MDG Powerline.

While Seven Stars has raised other points of error in its Initial Brief (hereafter referred to as the "SS Brief"), all of its arguments ultimately concern the same issue: whether the Bankruptcy Court abused its discretion by declining to the extend the expert discovery deadlines in its Scheduling Order.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 22-13591-DD

## STANDARD OF REVIEW

"When reviewing an order of the district court entered in its role as an appellate court reviewing the bankruptcy court's decision, this Court independently examines the factual and legal determinations of the bankruptcy court, applying the same standard of review as the district court …. Generally, we review *de novo* any determination of law, whether by the bankruptcy court or the district court, and we review the bankruptcy court's factual findings for clear error." *In re Le Ctr. on Fourth, LLC*, 17 F.4th 1326, 1333 (11th Cir. 2021) (internal citation omitted). However, where, as here, "the district court has affirmed the bankruptcy court's findings ... we will apply the clearly erroneous doctrine with particular rigor." *In re Kane*, 755 F.3d 1285, 1288 (11th Cir. 2014).

As the Eleventh Circuit has unambiguously held, a "district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). *See also Thurmond v. Bayer Healthcare Pharm., Inc.*, 649 Fed. Appx. 1003, 1004 (11th Cir. 2016) (denial of motion to extend discovery deadlines reviewed for abuse of discretion).

"A district court's evidentiary rulings…are reviewed only for a clear abuse of discretion and must be affirmed unless we find that the district court

4

has made a clear error of judgment, or has applied the wrong legal standard."

*Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 591 (11th Cir. 2019).

COFFEY │ BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 22-13591-DD

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

The relevant factual and procedural history was thoroughly described by the Bankruptcy Court in its Memorandum Opinion:

Seven Stars is a tenant operating a trampoline park within Xtreme Action Park, an entertainment facility in Fort Lauderdale owned by MDG Powerline. SS App. at 66. After filing a bankruptcy case under Chapter 11, Seven Stars brought an adversary proceeding on July 19, 2019, against MDG Powerline and co-Defendant XBK Management, LLC ("XBK"), alleging that the Landlord and XBK harmed Seven Stars' business, principally by removing signage and a registration desk from the lobby area of the facility.[2] *Id.* at 67-68. In its Adversary Complaint (the "Complaint"), Seven Stars asserted claims for breach of the covenant of quiet enjoyment under its Lease with MDG Powerline, breach of the implied duty of good faith and fair dealing under the Lease, violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), and tortious interference. *Id.* at 72; *see*

---

[2] Appellant's Complaint contained numerous allegations against MDG Powerline that had nothing to do with the Lease and which could not give rise to any cause of action, such as complaints about food service (which was handled by XBK), complaints about the security cameras, complaints about the colors of the walls in the common areas and complaints about garbage pickup on the loading dock. SS App. at 68. However, Seven Stars' damages claims against MDG Powerline arose exclusively from the allegations that the Defendants improperly removed its signage and a registration desk in the lobby.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

*also id.* at 147-60. MDG Powerline denied the claims in their entirety. *Id.* at 310-28.

### A. The Bankruptcy Court's Scheduling Orders and Seven Stars' Pursuit of a 'Litigation Funding Agreement' in Its Chapter 11 Case.

On November 2, 2020, the Bankruptcy Court entered an Agreed Scheduling Order, under which the parties agreed to exchange expert witness summaries and reports (if any) by no later than February 5, 2021, and to complete expert discovery by March 15, 2021. *Id.* at 350-57; MDG App. at 0001-04.

After Seven Stars amended its complaint, and after an unsuccessful mediation, the parties submitted an agreed proposed amended scheduling order, which the Bankruptcy Court adopted on March 17, 2021. SS App. at 360-62. Under this Amended Scheduling Order, the parties were required to submit their expert disclosures by April 6, 2021, and complete all expert discovery by May 14, 2021. *Id.*

Around the time that the parties submitted the proposed amendment to the Scheduling Order, Seven Stars sought approval in the Chapter 11 case of a proposed litigation funding agreement with a third party – funding that Seven Stars says was necessary to retain a damages expert. On January 28, 2021, Seven Stars filed a motion in the Chapter 11 case for approval of a term sheet with the

litigation funder – a motion which the Bankruptcy Court approved on February 26, 2021. *Id.* at 100.

On March 15, 2021, Seven Stars filed another motion in the adversary proceeding to modify *only* the fact discovery deadline in the Scheduling Order. *Id.* at 384-87. The Bankruptcy Court scheduled a hearing on Appellant's motion for April 7 – the day after the expert disclosure deadline had passed. *Id.* at 416-25.

On April 6 – the day when expert disclosures were due under the Scheduling Order in the adversary proceeding – Seven Stars filed another motion in the Chapter 11 case seeking court approval of the full litigation funding agreement.[3] *Id.* at 100.

At the hearing on its March 15 motion, Seven Stars requested for the first time an extension of the expert deadlines in addition to the fact discovery deadline – a request opposed by MDG Powerline. *Id.* at 420-24. The Bankruptcy Court declined to modify the expert discovery deadlines because Seven Stars failed to raise the issue in its March 15 motion: "The motion before me today deals only with the fact discovery deadlines, so I am not going to entertain any request to extend any other deadlines at this point." *Id.* at 422. Seven Stars' counsel then told the Bankruptcy Court that Seven Stars would likely "make a further application for [extending] the expert discovery" – however, "if we can get the

---

[3] Seven Stars amended this motion on April 9, 2021. SS App. at 100.

8

expert discovery done in the time frame set forth in the scheduling order, I have no problem with that." *Id.* at 423. Following the hearing, the Bankruptcy Court entered an order extending only the fact discovery deadline through April 29, 2021. *Id.* at 468-69.

On April 19, 2021, the Bankruptcy Court entered an order in the Chapter 11 case approving Seven Stars' litigation funding agreement. *Id.* at 100.

Nine days later, on April 28, 2021, Seven Stars moved to modify the expert discovery deadlines in the adversary – but not the expert disclosure deadline, which had passed three weeks before. *Id.* at 470-74. In this motion, Seven Stars stated that it had not yet retained an expert because it was "waiting for the approval of a litigation funding agreement that would give it the monetary resources to hire experts." *Id.* at 472. However, Appellant's Motion did not expressly seek an extension of the expired deadline to exchange expert reports. *Id.* Nor did address the good cause standard for amending a scheduling order under Fed. R. Civ. P. 16(b). *Id.*

MDG Powerline opposed the motion on the grounds that Seven Stars had failed to establish (or even argue) that the inability to pay an expert (or the anticipation of future litigation funding) constituted good cause. *Id.* at 475-80.

At a hearing on its motion, Seven Stars asserted – for the first time – that its lack of funds to pay for an expert and its application for litigation funding

9

constituted good cause to modify the scheduling order. *Id.* at 508-09. As Seven Stars' counsel argued: "We cannot go forward and get an expert without funding. I mean, that is the bottom line." *Id.* at 508.  But when asked to identify any legal authority holding that a lack of funds for an expert constitutes good cause to modify a scheduling order, Seven Stars could identify none. *Id.* at 515. Noting that Seven Stars provided "nothing" in the way of legal authority to support its position, the Bankruptcy Court correctly found that Appellant's inability to pay for an expert did not constitute good cause and denied the motion to extend the expert deadlines. *Id.* at 517-18.

Ultimately, Seven Stars never identified any expert witness or provided an expert disclosure or report. *Id.* at 98-101.

## B. Appellant's Failure to Disclose Any Damages Computations or Evidence

On July 4, 2020, Seven Stars served its first Initial Disclosures to Defendants pursuant to Fed. R. Civ. P. 26(a)(1).  With respect to damages, Seven Stars' disclosure did not provide a basis for damages or any calculations of damages, but instead stated: "See First Amended Complaint." SS App. at 74. On March 5, 2021, Seven Stars then served amended initial disclosures, which, in addressing damages, stated: "*See* Second Amended Complaint." *Id.* On March 15, 2021, Seven Stars further amended its initial disclosures, however its disclosures

related to damages remained unchanged. *Id.* Then on April 9, 2021 – three days *after* the April 6, 2021, deadline for the parties to exchange expert witness summaries and reports – Seven Stars served yet another set of initial disclosures. But again, its damages disclosures stated only "*See* Second Amended Complaint." *Id.*; MDG App. at 031.

MDG Powerline served interrogatories requests seeking, among other things, Appellant's calculation of damages, as well as the methodology used to calculate damages and all evidence supporting damages. On March 25, 2021, Seven Stars served responses in which it complained that the discovery requests were "premature as it has not yet obtained an expert who will opine on the full spectrum of damages" – though expert disclosures were due two weeks later. MDG App. at 38-39. Seven Stars further asserted that it suffered a "loss of profits" but provided no calculation of damages. *Id.* at 39. The only specific evidence of damages cited by Seven Stars was its "profits and loss statements beginning in 2017."[4] *Id.*

---

[4] After the close of discovery, Appellant served two untimely (and contradictory) amended interrogatory responses that purportedly spoke to Appellant's damages claims. SS App. at 78. However, as the Bankruptcy Court noted, these amended responses contained "[n]o calculations, no mathematical formulas, no methods of computation, nor even any underlying factual basis for damages (other than pointing generally to its profit and loss statements." *Id.* at 78-79. The Bankruptcy Court's ultimate finding that these untimely interrogatory

11

Case No. 22-13591-DD

On April 19, 2021, Defendants took the deposition of Seven Stars' corporate representative, Eddy Manzo-Berding. Though damages were designated as a deposition topic, Ms. Manzo-Berding could only testify that Seven Stars was seeking "lost profits" or "lost ticket sales," and she could not specifically testify as to what amount of damages Seven Stars was claiming to seek. SS App. at 79-80. Ms. Manzo-Berding also could not identify any out-of-pocket costs or other categories of damages. *Id.*

## C. Appellant's Untimely and Contradictory Declaration

Following the close of discovery, MDG Powerline filed a motion for summary judgment on all of Seven Stars' claims. *Id.* at 522-43. In the Motion, MDG Powerline argued that Seven Stars failed to put forward any admissible evidence in support of its claim for "lost profits" damages. *Id.* at 526-38. As demonstrated in the Motion, the only evidence of damages identified by Seven Stars was its profit and loss statements, but these reports failed to identify both revenue *and* expenses, as required to establish lost profits under Florida law, and thus failed to establish "lost profits" damages.[5]  *Id.* at 527; *see also* MDG App. at 589.

_____

responses failed to create a genuine issue of material fact related to damages has not been challenged in this appeal.

    [5] As MDG Powerline argued below, the profit and loss statement also constituted inadmissible hearsay which could not be relied upon to defeat summary

Case No. 22-13591-DD

In response to the Motion, Seven Stars attempted to assert a new theory of damages that was not pleaded in the Complaint – a new claim for "diminution of value" of Appellant's business. SS App. at 928-1004.   In support of this new argument, Seven Stars submitted a declaration from Ms. Manzo-Berding offering wholly conclusory evidence of these new damages.  *Id.* at 979-83.

MDG Powerline objected to Seven Stars' attempt to assert a new theory of recovery to avoid summary judgment, and it moved to strike Ms. Manzo-Berding's declaration as a sham, because it contradicted her prior deposition testimony, where Ms. Manzo-Berding was specifically asked to identify any other types of damages Seven Stars was seeking, and she identified none. MDG App. at 597-615; 585-92; *see also* SS App. at 79-80.

In its response to MDG Powerline's motion to strike, Seven Stars admitted that it only began investigating new "alternate" damages theories to avoid summary judgment: "[T]he information regarding valuation was determined ***after consultation with counsel and based on caselaw that referred to loss or diminution of business value as an alternate theory of damages***." SS App. at 1058 (emphasis added). Seven Stars further admitted that without its new "alternate" damages theories it could not survive summary judgment, because

---

judgment. MDG App. at 589.  However, the Bankruptcy Court did not reach this issue.

13

otherwise it would have no "ability to adequately prove its damages." *Id*. at 1066. Seven Stars argued that its introduction of Ms. Manzo-Berding's untimely declaration was "substantially justified" because Seven Stars was seeking funding for an expert witness from a litigation funder, and that its late disclosure was "harmless." *Id.* at 1064-67.

### D. The Bankruptcy Court's Memorandum Opinion Granting Summary Judgment and Striking the Sham Declaration.

On January 28, 2022, the Bankruptcy Court entered its Memorandum Opinion granting summary judgment in favor of MDG Powerline and co-Defendant XBK based on Appellant's failure to prove any damages for any of its claims, and striking Ms. Manzo-Berding's post-discovery declaration as a sham. *Id.* at 65-112.

In its Opinion, the Bankruptcy Court specifically found that Seven Stars had presented no competent evidence of damages: The only evidence of damages cited by Seven Stars in response to the summary judgment motions was Ms. Manzo-Berding's declaration, which the Bankruptcy Court declined to consider, and which was only relevant to Seven Stars' newly asserted "diminution of value" theory – a damages theory foreclosed as a matter of law because Seven Stars' business was not completely destroyed.  *Id.* at 91-92.  As the Bankruptcy Court said: "[T]he Court cannot consider this new declaration, and there is no other

competent evidence of damages in the record to sustain Seven Stars' burden to show a genuine dispute of material fact." *Id.* at 94.

The Bankruptcy Court further held that Seven Stars was precluded from presenting any new damages calculations contained in Ms. Manzo-Berding's declaration as a sanction under Fed. R. Civ. P. 37(c)(1), because of its failure to provide any damages calculations in its initial disclosures or discovery responses, or in the deposition testimony of Ms. Manzo-Berding, its corporate representative. *Id.* at 94-98.

The Bankruptcy Court then addressed Seven Stars' failure to disclose a damages expert within the court-ordered deadlines and reiterated its finding that Seven Stars had failed to establish good cause to modify the Scheduling Order once more, as required under Rule 16(b). *Id.* at 100 n.176 & 105-06. The Bankruptcy Court summed up Seven Stars' position as follows: "Essentially Seven Stars argues that it should have been excused from compliance with the Court's scheduling order because it did not have the financial resources to hire an expert, and therefore it could just ignore the expert disclosure deadline until after it had its litigation financing lined up, even if that occurred (as it did here) after the expert disclosure deadline had passed." *Id.* at 104-05. The Bankruptcy Court rejected Appellant's arguments, holding: "Seven Stars' failure to timely disclose any experts – or to timely provide any computation of damages – was neither

15

substantially justified nor harmless." *Id.* at 101.  The Bankruptcy Court noted that "Seven Stars knew about the deadline and knew what it had to do to secure the funding and the timing of those efforts. All Seven Stars had to do was file a timely motion seeking to extend the expert disclosure deadline. It never did so." *Id.*

Finally, as discussed above, the Bankruptcy Court determined that the declaration of Ms. Manzo-Berding was a "sham declaration," because it attempted to advance damages that Appellant never disclosed in discovery and which Ms. Manzo-Berding failed to identify or disclose at deposition, despite specific questioning from Defendants. *Id.* at 102-07.  Accordingly, the Bankruptcy Court declined to consider the declaration at summary judgment. *Id.*

Based on its findings in the Memorandum Opinion, the Bankruptcy Court granted summary judgment and entered Final Judgment in favor of MDG Powerline and XBK.  MDG App. at 828-29.

## E. The District Court Order Affirming the Summary Judgment Order on Appeal

Seven Stars then appealed the Bankruptcy Court's Final Judgment to the District Court, which affirmed the Bankruptcy Court's orders in all respects.  *See* SS App. at 7-31.

In its initial appeal, Seven Stars raised five points of error, but, as the District Court found, three of them raised the same question: "Did the Bankruptcy

Case No. 22-13591-DD

Court abuse its discretion when it refused to extend the deadline for expert discovery?" *Id.* at 17. Specifically, Seven Stars argued in its appeal that the Bankruptcy Court erred (1) by finding there was no good cause to extend the expert discovery deadline under Federal Rule of Civil Procedure 16(b); (2) by failing to consider whether Seven Stars demonstrated excusable neglect for its failure to meet the expert discovery deadline pursuant to Federal Rule of Bankruptcy Procedure 9006(b); and (3) by failing to analyze whether Appellant's failure to disclose damages was substantially justified or harmless pursuant to Federal Rule of Civil Procedure 37(c)(1). *Id.* In addition, Seven Stars argued that the Bankruptcy Court erred in striking Ms. Manzo-Berding's untimely declaration as a sham, and in granting summary judgment in favor of MDG Powerline and XBK Management. *Id.* at 23-30. The District Court rejected all of these arguments.

First, the District Court found that Rule 37(c)(1) was not implicated at all because the Bankruptcy Court did not strike any witnesses or evidence; rather, Seven Stars simply failed to identify a damages expert in the first place. As the District Court stated: "[T]he Bankruptcy Court simply had no need to conduct any Rule 37 analysis whatsoever, as there was no expert witness disclosed or otherwise put forward by Seven Stars…In other words, there was no expert to strike, and therefore no need to address Rule 37." *Id.* at 18.

17

Case No. 22-13591-DD

Next, the District Court held that Fed. R. Bankr. P. 9006(b), which provides that when an act must be done within a specified period a party may seek an extension after that period has expired provided it can show that its "failure to act was the result of excusable neglect," was also inapplicable. As the District Court noted, Seven Stars moved to extend the expert discovery deadline in the Bankruptcy Court's Scheduling Order *before* that deadline had expired – but after the expert *disclosure* deadline had lapsed. *Id.* at 21. Accordingly, the District Court found that Fed. R. Bankr. P. 9006(b) was irrelevant, stating: "The Bankruptcy Court denied an extension of an unexpired deadline, and thus excusable neglect does not apply." *Id.*

Thus, the District Court held that the Bankruptcy Court's denial of Seven Stars' motion to extend the discovery deadline was governed by Fed. R. Civ. P. 16(b), under which a court's scheduling order may only be modified upon a showing of good cause – a standard which "precludes modification unless the schedule cannot be met despite the diligence of the party seeking an extension." *Id.* at 22 (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). The District Court expressly rejected Seven Stars' argument that its lack of funds to hire an expert witness provided a basis to find "good cause" for an extension under Rule 16(b), and further found that Seven Stars' delay in attempting

18

to obtain litigation funding demonstrated a lack of diligence which precluded modification of the Scheduling Order. *Id.* at 22-23.

The District Court also affirmed the Bankruptcy Court's order striking Ms. Manzo-Berding's post-summary judgment declaration as a sham. *Id.* at 25-27. And, finally, the District Court found that the remaining evidence of damages in the record (Seven Stars' profit and loss statements) was insufficient to establish "lost profits" damages under Florida law, again affirming the Bankruptcy Court's Order granting summary judgment in favor of MDG Powerline and XBK. *Id.* at 29-30. In its Order, the District Court criticized "Appellant's attempts to recast the Bankruptcy Court's Orders and mischaracterize the record." *Id.* at 31.

Seven Stars then filed this appeal, which duplicates verbatim the arguments that the District Court rejected.

COFFEY │ BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 22-13591-DD

## SUMMARY OF THE ARGUMENT

Seven Stars' Appellate Brief is a word-for-word, carbon-copy duplicate of the arguments that Seven Stars raised in its first appeal, all of which were summarily rejected by the District Court. This Court should reject Seven Stars' frivolous arguments for the same reasons.

First, the Bankruptcy Court did not err in denying Seven Stars' motion to extend the discovery deadline. The undisputed record shows that Seven Stars did not act diligently to comply with the Bankruptcy Court's Scheduling Order, or otherwise demonstrate good cause as required under Fed. R. Civ. P. 16(b).

Nor did the Bankruptcy Court err by failing to consider whether Seven Stars demonstrated excusable neglect for failing to disclose an expert under Federal Rule of Bankruptcy Procedure 9006(b)(1), as Seven Stars asserts. As the District Court correctly held in the first appeal, because the deadline in the Scheduling Order that Seven Stars sought to extend – the deadline for the conclusion of expert discovery – had not yet expired, and therefore Rule 9006(b)(1) was inapplicable.

Similarly, Federal Rule of Procedure 37(c)(1) is irrelevant to this case, because the Bankruptcy Court did not strike any evidence as a sanction as a Rule 37 – to the contrary, Seven Stars simply failed to advance an expert witness or any competent evidence of damages in the first place. Seven Stars' characterization of

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 22-13591-DD

the Bankruptcy Court's Order as a sanction under Rule 37 is incorrect and improper, as the District Court found in the prior appeal.

Finally, the Bankruptcy Court was correct in entering summary judgment in favor of the Defendants because Seven Stars failed to advance any competent evidence of economic damages to support its case. Indeed, Seven Stars does not even challenge the substance of the findings of the Bankruptcy Court or the District Court with respect to its lack of damages; rather, Seven Stars merely repeats its complaint that it should have been allowed yet another extension of the discovery deadline in order to retain an expert witness, after failing to do so over more than two years of litigation.

## ARGUMENT

### I.    The Bankruptcy Court Was Within Its Discretion in Denying Seven Stars' Motion to Extend the Discovery Deadline

Seven Stars' principal argument in this appeal (as it was before the District Court) is that the Bankruptcy Court abused its discretion in denying its motion to extend the *already-expired* deadline for expert disclosures contained in the Bankruptcy Court's Scheduling Order.  SS Brief at 32-36.  The sole basis for this argument is Seven Stars' insistence that its failure to retain an expert in time to meet the Bankruptcy Court's deadline due to insufficient funds, and its pursuit of third-party litigation funding to pay for a damages expert, somehow constituted good cause to amend the scheduling order under Fed. R. Civ. P. 16(b).[6] *Id.* Notably, Seven Stars cited no authority to support this argument before the Bankruptcy Court – and the scant authority it has cited on appeal is "inapplicable to the issue," as the District Court correctly found.  SS App. at 23.

It is well established that a scheduling order "may be modified only upon a showing of good cause." *Sosa*,    133    F.3d    at    1418    (citing    Rule    16(b)). "This good cause standard  precludes modification unless the  schedule  cannot  be met despite the diligence of the party seeking the extension…If a party was not

---

[6] Rule 16(b) applied in the adversary proceeding pursuant to Fed. R. Bankr. P. 7016(a).

diligent, the good cause inquiry should end." *Id.* (internal citations omitted).  As discussed below, Seven Stars failed to show good cause here.

However, even if Seven Stars had demonstrated good cause – which it plainly did not – the Bankruptcy Court still would have been within its discretion to deny the motion to extend the discovery deadlines.

This Court has "often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 5 F.4th 1235, 1243 (11th Cir. 2021) (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011)).  *See also Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1349 (11th Cir. 2004) ("Given the wide latitude the district court has to exclude untimely submissions, we cannot say that it abused its discretion to exclude this report"); *Insight Sec., Inc. v. Deutsche Bank Tr. Co. Americas*, 2022 WL 2313980, at *6 (11th Cir. June 28, 2022) ("a district court has significant discretion in setting and enforcing its scheduling orders"); *Pyatt v. AECOM Tech. Servs., Inc.*, 2021 WL 4147091, at *3-5 (11th Cir. Sept. 13, 2021) (affirming trial court's denial of motion to extend discovery deadline).  Significantly, this Court has expressly held that a trial court "is under no obligation" to grant an extension of a discovery deadline even where the moving party has shown good cause to do so. *Josendis*, 662 F.3d at 1307.  And where the court has previously extended

23

deadlines at a party's request (as here), the court's denial of a subsequent motion to extend deadlines is particularly appropriate and is not an abuse of discretion. *St. Louis Condo. Ass'n*, 5 F.4th at 1244 (affirming trial court's striking of late-disclosed expert after magistrate previously extended discovery deadlines). Under any analysis, the Bankruptcy Court did not abuse its discretion in denying Seven Stars' untimely and unsupported motion to amend the Scheduling Order.

As discussed above, the Bankruptcy Court's Amended Scheduling Order required the parties to exchange expert disclosures by April 6, 2021. SS App. at 360-62. On March 15, 2021, Seven Stars filed a motion to modify *only* the fact discovery deadline in the Scheduling Order. *Id.* at 384-87. The Bankruptcy Court scheduled a hearing on Seven Stars' motion for April 7 (the day after the expert disclosure deadline had passed) where, for the first time, Seven Stars requested an extension of the expert discovery deadlines as well – a request opposed by MDG Powerline. *Id.* at 420-21. The Bankruptcy Court declined to modify the expert discovery deadlines because Seven Stars failed to raise the issue in its March 15 motion: "The motion before me today only deals with the fact discovery deadlines, so I am not going to entertain any request to extend any other deadlines at this point." *Id.* at 422. Seven Stars' counsel then told the Bankruptcy Court that Seven Stars would likely "make a further application for [extending] the expert

Case No. 22-13591-DD

discovery" – however, "if we can get the expert discovery done in the time frame set forth in the scheduling order, I have no problem with that." *Id.* at 423.

Seven Stars did not move to modify the expert discovery deadlines until April 28, 2021 – three weeks *after* the April 6 expert disclosure deadline had passed. *Id.* at 470-74. Notably, the motion makes no reference to the expired deadline to exchange expert reports. *Id.* More significantly, Seven Stars' motion did not even discuss the good cause standard under Rule 16(b), or attempt to argue how Seven Stars had met it.[7] *Id.* Seven Stars' only substantive argument was that it had been "waiting for the approval of a litigation funding agreement that would give it the monetary resources to hire experts." *Id.*

MDG Powerline opposed the motion on the grounds that Seven Stars had failed to establish (or even argue) that the inability to pay an expert (or the anticipation of future litigation funding) constituted good cause to modify a scheduling order under Rule 16(b). *Id.* at 475-79. Seven Stars then submitted a reply that, like its motion, simply ignored the good cause standard under Rule 16(b). *Id.* at 493-96.

---

[7] As the Bankruptcy Court noted in its Memorandum Opinion, Appellant did not assert "good cause" to extend the expert discovery deadline; rather "**it simply ignored this scheduling order deadline altogether**." SS App. at 100 n.176 (emphasis added). Surely the Bankruptcy Court did not abuse its discretion by declining to extend the discovery deadlines under these circumstances.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

At a hearing on its motion on May 12, 2021, Seven Stars asserted – for the first time – that its lack of funds to pay for an expert and its application for litigation funding constituted good cause to modify the scheduling order. *Id.* at 509. As Seven Stars' counsel argued: "We cannot go forward and get an expert without funding. I mean, that is the bottom line." *Id.* at 508. But when asked to identify any legal authority holding that a lack of funds for an expert constitutes good cause to modify a scheduling order, Seven Stars could identify none. *Id.* at 515. Noting that Seven Stars provided "nothing" in the way of legal authority to support its position, the Bankruptcy Court correctly found that Seven Stars' inability to pay for an expert did not constitute good cause to extend the expert discovery deadlines in the Scheduling Order. *Id.* at 517 & 117-18.

In affirming the Bankruptcy Court and rejecting Seven Stars' initial appeal, the District Court agreed, and further found that "Seven Stars has not cited any authority requiring a court to extend a deadline due to lack of funding to hire an expert witness on the part of the litigant." *Id.* at 22. Moreover, the District Court found, the cases cited in Seven Stars' initial appeal were "inapplicable to the issue" of good cause. *Id.* at 23.

Nevertheless, Seven Stars relies on the same inapplicable authority and arguments in this appeal. The three out-of-circuit cases cited in its Brief merely hold that the failure to obtain *counsel* because of lack of funds may be good cause

26

Case No. 22-13591-DD

to vacate a ***default judgment*** against a ***defendant*** under Fed. R. Civ. P. 55.  *See* SS

Brief at 35 (citing *Allen Russell Pub., Inc. v. Levy*, 109 F.R.D. 315 (N.D. Ill. 1985),

*Wisconsin Carpenters Pension Fund, v. Jokipii Demolition LLC*, 2007 WL

1308847 (E.D. Wis. May 2, 2007) and *Pecarsky v. Galaxiworld.com Ltd*., 249 F.3d

167 (2d Cir. 2001)).  None of these cases holds that a ***plaintiff's*** lack of funds to

hire an expert may constitute good cause to modify a scheduling order under Rule

16(b), as the District Court recognized.[8]  The Bankruptcy Court and the District

Court were correct in finding that Seven Stars had failed to establish good cause to

amend the Scheduling Order.

Seven Stars' claim on appeal that it "acted diligently" to meet the

Bankruptcy Court's deadlines is belied by the record – and misunderstands Rule

16.  As evidence of its purported diligence, Seven Stars highlights that it first

moved to extend the discovery deadline – *only* the fact discovery deadline – on

---

[8] To the contrary, "[t]he desire to limit litigation expenses and conserve resources ***does not*** justify a delay." *In re Treco*, 00-8137, 2001 WL 1566701, at *9 (Bankr. S.D.N.Y. Dec. 10, 2001) (entering default against defendant that failed to file a timely answer to complaint because it was in liquidation and sought to avoid "piecemeal litigation") (emphasis added); *see also Rinieri v. News Syndicate Co.*, 385 F.2d 818, 823 (2d Cir.1967) ("Lack of funding does not permit a party to decide *ex parte* that [it] is justified in not prosecuting [the] suit and is free to ignore the rules of the court") (internal citation omitted). Similarly, in *Lindsey v. Ocwen Loan Servicing, LLC*, 2011 WL 2550833 (N.D. Tex. June 27, 2011), the court held that a plaintiff's inability to pay *its counsel* did not constitute "good cause" to modify a scheduling order. *Id.* at *4.  If a plaintiff's inability to pay its own counsel is not good cause, then surely the inability to pay an expert is not.

27

Case No. 22-13591-DD

March 15, 2021, before the discovery deadlines had lapsed, and again on April 7 and April 28. SS Brief at 33. This misses the point. The issue is not whether Seven Stars was diligent in *filing its motions*, but whether it was diligent in attempting to actually meet the deadlines in the Scheduling Order. *Sosa*, 133 F.3d at 1418. Seven Stars cannot credibly argue that it diligently attempted to meet the expert disclosure deadline; to the contrary, Seven Stars has conceded throughout the litigation that it did not even *attempt* to meet this deadline, because it did not have the funds to retain an expert to prepare a report. *See, e.g.,* SS App. at 472 ("Plaintiff was waiting for the approval of a litigation funding agreement that would give it the monetary resources to hire experts"); *id.* at 494 (Seven Stars did not want to "incur[] the great expense" of hiring an expert when Defendants' motions to dismiss were pending).

On this record, the Bankruptcy Court correctly found that Seven Stars did *not* expressly move to extend the expert disclosure deadline until April 28 – more than three weeks after that deadline had expired. As the Bankruptcy Court stated in its Memorandum Opinion: "Seven Stars never took any action to pre-emptively extend the April 6, 2021, expert disclosure deadline, even though it knew 'from the beginning' that it would need expert testimony and knew that it needed litigation funding to pay for an expert." SS App. at 100. Seven Stars was dilatory in

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

complying with the Scheduling Order *and* in seeking to modify that Order, as the Bankruptcy Court correctly found.

Significantly, the District Court agreed, and further concluded that these facts do not "pass the diligence threshold." *Id.* at 23. The District Court noted that Seven Stars had seven months under the Scheduling Order to identify a damages expert and it failed to do so, and the record shows that it made no efforts to secure litigation funding for nearly a year of the litigation. *Id.* Thus, the District Court concluded that the Bankruptcy Court did not abuse its discretion in denying Seven Stars' motion to amend the Scheduling Order "where, as here, Seven Stars appears to have made little to no attempt to hold itself to a scheduling order years after it commenced its action." *Id.*

Seven Stars has failed to establish an abuse of discretion in this appeal as well. As this Court has held, "a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *St. Louis Condo. Ass'n*, 5 F.4th at 1243. After repeatedly extending the fact and discovery deadlines at Seven Stars' request, *see* SS App. at 350-57; 468-69; 520-21, the Bankruptcy Court's refusal to extend the deadline yet again was not an abuse of discretion. *St. Louis Condo. Ass'n*, 5 F.4th at 1244. Finally, even if Seven Stars had established good cause under Rule 16(b) to extend the expert disclosure deadline, the

Case No. 22-13591-DD

Bankruptcy Court was "under no obligation" to grant the extension, and its refusal to do so was not an abuse of discretion. *Josendis*, 662 F.3d at 1307.

Seven Stars' arguments are meritless, and the Bankruptcy Court's Order denying Seven Stars' motion to extend the expert disclosure deadline (SS App. at 520-21) should be affirmed.

## II.    Fed. R. Bankr. P. 9006(b) and the 'Excusable Neglect' Standard Are Not Applicable

Next, Seven Stars argues, as it did in its appeal to the District Court below, that the Bankruptcy Court's denial of its motion to amend the Scheduling Order was governed by Bankruptcy Rule 9006(b), and therefore the Bankruptcy Court erred by failing to consider whether Seven Stars failed to meet the expert disclosure deadline as a result of "excusable neglect."  SS Brief at 37.  Seven Stars is simply wrong – Fed. R. Bankr. P.  9006(b) is inapplicable and irrelevant, as the District Court correctly found.

Fed. R. Bankr. P. 9006(b) (which mirrors Fed. R. Civ. P. 6) provides that when an act must be done within a specified period a party may seek an extension of the deadline "*after* the expiration of the specified period…where the failure to act was the result of excusable neglect." *See* Fed. R. Bankr. P. 9006(b) (emphasis

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

added).  Thus, by its terms, Rule 9006(b) only applies when a party seeks relief from a deadline *after* that deadline has expired.[9]

As the District Court noted, Seven Stars moved on April 28 to extend the May 14 expert discovery deadline in the Bankruptcy Court's Scheduling Order *before* that deadline had expired.  SS App. at 21. *See also id.* at 472 ("Plaintiff further requests a third extension of the deadline for expert discovery **which is set to expire on** May 14, 2021") (emphasis added).  Accordingly, the District Court found that Fed. R. Bankr. P. 9006(b) was inapplicable, stating: "The Bankruptcy Court denied an extension of an unexpired deadline, and thus excusable neglect does not apply."  *Id.*  For this reason alone, Seven Stars' argument on this point should be rejected.

In its Brief to this Court, Seven Stars simply ignores the District Court's Order altogether and insists not only that Bankruptcy Rule 9006 applies here, but that the Bankruptcy Court's failure to examine the "excusable neglect" factors was an abuse of discretion.  SS Brief at 40.  Even if Fed. R. Bankr. P. 9006(b) did apply

---

[9] Moreover, this Court has held that Fed. R. Civ. P. 6 (the analogue to Fed. R. Bankr. P. 9006) is *not* applicable to scheduling orders entered pursuant to Fed. R. Civ. P. 16.  *See Sosa*, 133 F.3d at 1418 n.2.  *See also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1338 n.8 (11th Cir. 2014) ("Rule 6(b)(1)(B) applies generally, when a more precise rule does not govern the situation"); *Destra v. Demings*, 725 Fed. Appx. 855, 859 (11th Cir. 2018) (same).

to Seven Stars' motion to amend the Scheduling Order – and it plainly does not – this argument would still fail.

As a threshold matter, Seven Stars never argued before the Bankruptcy Court that the excusable neglect standard applies, or that it could meet this test. *See* SS App. at 470-73; 493-501.  Nor did Seven Stars raise this argument at the May 12, 2021, hearing on its motion. *See id.* at 502-19.  As the Bankruptcy Court noted in its Memorandum Opinion: "Seven Stars did not seek in its motion – even belatedly under the 'excusable neglect' standard of Federal Rule of Bankruptcy Procedure 9006(b)(1) – to extend the already-lapsed expert disclosure deadline." *Id.* at 81.  Having abandoned this issue, Appellant cannot now raise it for the first time on appeal.

This Court has "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). *See also Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("the failure to make arguments and cite authorities in support of an issue waives it"). This rule applies with equal force to appeals from bankruptcy court. *In re ATM Fin. Services, LLC*, 517 Fed. Appx. 840, 841 (11th Cir. 2013). Obviously, the Bankruptcy Court did not abuse its discretion in failing to address an issue that Seven Stars failed to raise before that court.

Case No. 22-13591-DD

Nevertheless, Seven Stars argues on appeal that its conduct satisfied the excusable neglect standard as articulated by the Supreme Court in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). Specifically, Seven Stars argues (1) that there is no evidence of strategic delay or willful contempt and (2) there is no evidence of prejudice to MDG Powerline. SS Brief at 39-40. Seven Stars is wrong on both counts.

The notion that Seven Stars did not engage in strategic delay borders on the absurd. Seven Stars repeatedly admitted that it did *nothing* to advance its damages theory – and willfully and deliberately ignored both the Bankruptcy Court's Scheduling Order and its discovery obligations under Rule 26 – because it lacked the funds to pursue its claims and was waiting to see if it would obtain litigation funding. When Seven Stars filed its motion to extend the expert discovery deadlines, nearly two years after filing this action, it stated that it was still "***in the process of finalizing a decision*** on experts and once retained, the expert will need the sixty days to investigate and prepare a report and for expert depositions to take place." SS App. at 472 (emphasis added). Thus, after nearly two years, Seven Stars had not specified any damages or even *identified* an expert or made any attempt to prepare an expert to provide an expert opinion. This was not inadvertent delay – this was a willful and deliberate strategy to ignore the Scheduling Order until Seven Stars could secure the funds to prosecute its case.

33

Case No. 22-13591-DD

Seven Stars' argument – indeed, its entire appeal – appears to be based on the erroneous assumption that an expert witness was *required* to prove its lost profits theory of damages (the only category of damages Seven Stars asserted or disclosed). *See, e.g.,* SS Brief at 51 ("damages could only be proven by expert testimony"). This is flatly incorrect. A business owner or officer may in fact provide lay opinion testimony as to the anticipated future profits of a business without qualifying as an expert. *See* Fed. R. Evid. 701 (commentary). *See also Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.*, 320 F.3d 1213, 1223 (11th Cir. 2003) (identifying testimony on lost profits by company officers as "of a type traditionally and properly considered lay witness testimony" (citing *Miss. Chem. Corp. v. Dresser–Rand Co.,* 287 F.3d 359, 362 (5th Cir.2002))). In other words, Seven Stars could have proffered lay witness testimony on lost profits without hiring an expert (assuming it could have identified a corporate officer with sufficient knowledge of Seven Stars' business to satisfy Rule 701).[10] As the

---

[10] Appellant's president, Eddy Manzo-Berding, testified at deposition that she could not estimate the value of Appellant's "lost ticket sales" MDG App. at 86, and that, while she was responsible for Plaintiff's management and marketing, her husband, Jens Berding, managed "the financials of the park." *Id*. at 68. Thus, Ms. Manzo-Berding, by her own admission, was unqualified to testify as to lost profits under Rule 701. Meanwhile, Jens Berding testified that he was not providing any testimony or opinion as to Appellant's alleged lost profits ("I was told my opinion is irrelevant") and said that Appellant would be relying solely on expert testimony to establish damages – though Appellant ultimately failed to identify an expert. *Id.* at 343.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 22-13591-DD

Bankruptcy Court noted, Seven Stars "boxed itself into a corner" by "relying exclusively on expert testimony to prove damages" though an expert was not legally required to sustain its claim for lost profits.  SS App. at 98.

This is significant because this Court has held that an "error based on a misunderstanding of the law was an insufficient basis for excusing a failure to comply with a deadline" and does not constitute excusable neglect. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997).[11]  Seven Stars' flawed litigation strategy and its mistaken assumption that an expert witness was required to prove lost profits damages cannot constitute "excusable neglect" as a matter of law. *Id.*

Next, Seven Stars asserts that its failure to designate a damages expert under the Scheduling Order after two years of litigation did not prejudice MDG Powerline, and incorrectly claims that the "Bankruptcy Court…did not find that [MDG Powerline] would be prejudiced by a short extension of the expert

---

[11] In *Advanced Estimating*, the Eleventh Circuit distinguished *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996), cited by Appellant (SS Brief at 38-39), because that case concerned a "mistake of fact" – a miscommunication over whether a message was delivered that caused a party to miss a deadline – as opposed to a "mistake of law." *Advanced Estimating*, 130 F.3d at 999.  Appellant has not argued that a "mistake of fact" caused it to miss the expert disclosure deadline.  *Cheney* is plainly not applicable here.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

deadline."[12] SS Brief at 39.  This misstates the record.  In fact, the Bankruptcy

Court *did* find that MDG Powerline was prejudiced by Seven Stars' failure to meet

the expert deadline or properly disclose its damages in discovery. SS App. at 101

& n.185 (quoting *Bowe v. Pub. Storage*, 106 F.Supp.3d 1252, 1260 (S.D. Fla.

2015) ("Prejudice generally occurs when late disclosure deprives the opposing

party of a meaningful opportunity to perform discovery and depositions related to

the documents or witnesses in question")).  Seven Stars' failure to timely identify

an expert – and its failure to even *disclose* or identify any alleged damages before

retaining an expert, ignoring the requirements of Rule 26 – effectively deprived

MDG Powerline from taking any discovery on damages for nearly two years of

litigation, and clearly prejudiced MDG Powerline.  Moreover, Seven Stars' failure

to comply with the Scheduling Order (after three prior discovery extensions)

obviously had a negative "impact on efficient court administration." *Pioneer*, 507

U.S. at 385. Seven Stars cannot establish excusable neglect based on these factors.

Ultimately, Seven Stars' attempt to argue excusable neglect is futile, because

it failed to raise this issue before the Bankruptcy Court.  *Hamilton*, 680 F.3d at

1319 ("the failure to make arguments and cite authorities in support of an issue

waives it").  The Bankruptcy Court did not abuse its discretion by failing to

---

[12] Appellant's assertion that only a "short" extension of the Scheduling Order would be necessary under these circumstances (SS Brief at 39) is, frankly, not credible.

Case No. 22-13591-DD

address an excusable neglect argument that Seven Stars did not even raise in the court below.[13] This argument should be rejected.

## III.    Seven Stars was <u>NOT</u> Sanctioned Under Fed. R. Civ. P. 37(c)

In this appeal, as in its initial appeal, Seven Stars advances the misleading argument that the Bankruptcy Court "sanctioned" Seven Stars under Fed. R. Civ. P. 37(c) and that this was an abuse of discretion.  SS Brief at 41-49.  This is categorically false: The Bankruptcy Court **did not** sanction Seven Stars under Rule 37.  This straw man argument is entirely baseless.

As the District Court explained in rejecting this argument, Rule 37(c)(1) "provides that where a party fails to timely 'provide information or identify a witness,' the party cannot use that information or witness as evidence 'unless the failure was substantially justified or is harmless.'" SS App. at 17 (quoting Fed. R. Civ. P. 37(c)(1)).  The District Court further explained that "Seven Stars' argument essentially construes the Bankruptcy Court's refusal to extend the expert discovery

---

[13] Appellant incorrectly asserts that the Bankruptcy Court's discretion was "limited" because the Court's order "result[ed] in a dismissal," citing *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 141 F.3d 1454 (11th Cir. 1995).  SS Brief at 38. This, again, is simply wrong.  *World Thrust Films* concerns a *dismissal* of a complaint under Fed. R. Civ. P. 41 based on the plaintiff's failure to comply with a local rule.  *World Thrust Films*, 141 F.3d at 1456.  Here, Appellant's complaint was *not* dismissed; its claims failed on the merits at summary judgment.  The Bankruptcy Court's denial of Appellant's motion to extend the expert discovery deadline was plainly within its discretion. *St. Louis Condo. Ass'n*, 5 F.4th at 1243 ("a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion").

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 22-13591-DD

deadline as a sanction under Rule 37(c)(1) that struck any hypothetical evidence Seven Stars might have offered on the issue of damages." *Id.* at 18.    In the Memorandum Opinion, the Bankruptcy Court "alternatively address[ed] why Seven Stars would have failed to meet its burden under Rule 37(c)(1) had it proffered untimely expert evidence of damages," but in doing so "the Bankruptcy Court did not commit error," the District Court found.[14]  *Id.*

Ultimately, the District Court concluded that "the Bankruptcy Court simply had no need to conduct any Rule 37 analysis whatsoever, as there was no expert

---

[14] It is important to understand the context of the Bankruptcy Court's discussion of Rule 37(c)(1) in the Memorandum Opinion with respect to expert testimony. In its motion for sanctions, MDG Powerline did ***not*** seek to exclude Seven Stars' nonexistent expert witness – because there was no expert witness testimony to exclude. *See* SS App. at 1030-49. Rather, MDG Powerline moved for sanctions ***only*** to exclude the new, untimely, previously undisclosed evidence that Seven Stars attempted to introduce to support a new, undisclosed damages theory it advanced after Defendants moved for summary judgment – and after recognizing that it could not prove its lost profits damages theory based on the evidence it did present. *Id.* at 1041-48.

Nevertheless, Seven Stars used its response to MDG Powerline's sanctions motion to repeat its argument that the Bankruptcy Court should have extended the expert disclosure deadline, and attempted to reframe MDG Powerline's sanctions motion around its own "failure to make sufficient expert disclosures" (though in fact it made no disclosures at all) instead of its attempt to assert an entirely new damages theory to avoid summary judgment. *Id.* at 1065-67.  It was in response to this straw man argument that the Bankruptcy Court discussed in its Memorandum Opinion whether Appellant's failure to identify an expert witness within the court-ordered deadline – and its failure to disclose any damages in discovery – was substantially justified or harmless under Rule 37(c)(1).  *Id.* at 94-102.

38

Case No. 22-13591-DD

witness disclosed or otherwise put forward by Seven Stars…In other words, there was no expert to strike, and therefore no need to address Rule 37." *Id.*

In this appeal, Seven Stars again ignores the findings of the District Court and simply repeats verbatim the exact same arguments that it raised unsuccessfully in its prior appeal to the District Court. The District Court's analysis is entirely correct: The Bankruptcy Court did not strike any evidence or otherwise sanction Seven Stars under Rule 37, and therefore the Bankruptcy Court was not obliged to consider whether Seven Stars was "substantially justified" in failing to even identify an expert witness.[15]

In any case, the Bankruptcy Court's "alternative" analysis of Seven Stars' discovery violations under Rule 37 was entirely correct. In effect, the Bankruptcy Court found that, even if Rule 37(c)(1) were applicable to the expert issue, Seven Stars was subject to sanction because its failure to submit a timely expert report (and its failure to identify and calculate its damages in its Rule 26 disclosures and discovery responses) were not substantially justified or harmless. *Id.* at 94-102; *see also id.* at 95 n.156 (noting that "the exclusion of non-disclosed evidence is

---

[15] The District Court warned of the "far-reaching" consequences of Seven Stars' circular argument: If a court's denial of a motion to extend a discovery deadline were "tantamount to an exclusion of evidence" under Rule 37, then "courts would have to conduct a Rule 37(c)(1) analysis every time they denied such a request, somehow analyzing how harmless a party's delay has been without knowing what the evidence is or if it even exists." SS App. at 19.

39

Case No. 22-13591-DD

automatic and mandatory under 37(c)(1) unless nondisclosure was justified or harmless"). This was not error.

In this appeal, as in its first appeal before the District Court, Seven Stars now claims that the Bankruptcy Court failed to specifically reference what Seven Stars calls the "guiding factors" (gleaned from various non-controlling district court cases) for determining whether a party's discovery violations are substantially justified or harmless. SS Brief at 45-49. This Court has identified the factors a court should consider when addressing discovery violations under Rule 37(c)(1): "Factors relevant to the determination of whether exclusion of a witness is warranted include the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party if the witness had been allowed to testify." *Izquierdo v. Certain Underwriters at Lloyd's London*, 2021 WL 3197008, at *4 (11th Cir. July 29, 2021) (citing *Romero v. Drummond Co. Inc.*, 552 F.3d 1303, 1321 (11th Cir. 2008)).[16] Contrary to Seven Stars' assertions, the Bankruptcy Court clearly considered these factors.

_____

[16] As this Court has held, the reason for the delay and the consequential prejudice to the other party may outweigh the importance of the evidence in weighing these factors. *Romero*, 552 F.3d at 1321 (citing *Bearint*, 389 F.3d at 1353). But again, the Bankruptcy Court was not required to address these factors at all because it did not "exclude" an expert witness under Rule 37, and its denial of Seven Stars' motion to extend the discovery deadline was governed solely by Rule 16(b), as the District Court correctly found.

40

Case No. 22-13591-DD

There can be no dispute that the Bankruptcy Court considered Seven Stars'
explanation for its failure to identify an expert witness – its lack of funds and its
efforts to obtain litigation funding – and deemed these to be insufficient to find that
Seven Stars' failure was substantially justified.  SS App. at 101.  Indeed, the Court
found that "this argument actually establishes that its failure to timely make these
disclosures was *not* substantially justified. Seven Stars knew about the deadline
and knew what it had to do to secure the funding and the timing of those efforts."
*Id.*  While Seven Stars may be displeased with the Court's conclusion, SS Brief at
45, this was not an abuse of discretion: Seven Stars cites no authority holding that
a plaintiff's lack of funds constitutes a substantial justification for its failure to
identify a witness and thus prevent the exclusion of untimely (or nonexistent)
evidence under Rule 37(c)(1).

The Bankruptcy Court also recognized the potential significance of this
unknown, hypothetical expert testimony – but nevertheless found Seven Stars'
failures were not justified.  As the Bankruptcy Court stated in its Memorandum
Opinion:

> "Even if MDG breached its contract with Seven Stars, and even if
> Xtreme and MDG violated Seven Stars' rights under FDUTPA or
> tortiously interfered with Seven Stars' contractual rights, the
> defendants still have rights to require the plaintiff to play by the
> same rules in litigation…If one party fails to play by these rules,
> that is fundamentally unfair to the other parties. This is
> particularly so where Seven Stars could have timely moved to

41

> extend the expert disclosure deadline while it was seeking approval for its litigation funding."

SS App. at 101-02. The Bankruptcy Court clearly considered this factor in finding that Seven Stars' discovery failures were not substantially justified. This was not an abuse of discretion.

There can be no doubt that the Bankruptcy Court considered the prejudice to MDG Powerline resulting from Seven Stars' discovery failures. As the Bankruptcy Court expressly stated, "a failure to disclose is harmless where there is no prejudice to the opposing party." *Id.* at 99. The Court then expressly found that "Seven Stars' failure to timely disclose any experts…was neither substantially justified nor harmless," and further found that MDG Powerline was prejudiced because it was deprived of "a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Id.* at 101 & n.185. This was not error: To the contrary, the failure to disclose evidence until summary judgment is ***not*** harmless and is sanctionable, as this Court has held. *See, e.g., Rigby v. Philip Morris USA, Inc.*, 717 Fed. Appx. 834, 835-36 (11th Cir. 2017) (failure to disclose witnesses until after summary judgment motion was filed was not harmless). Moreover, this Court has held that a trial court does not an abuse of discretion – the applicable standard, which Seven Stars fails to address in its Brief – by excluding an untimely expert report (which Seven Stars did not even submit

here).  *See, e.g., Bearint*, 389 F.3d at 1348-49.  *See also Jetport, Inc. v. Landmark Aviation Miami, LLC*, 2017 WL 7732868, at \*5 (S.D. Fla. July 11, 2017) ("federal courts routinely strike expert reports or exclude expert testimony which is not timely disclosed").

At bottom, Seven Stars' argument is nothing more than a distraction because "the Bankruptcy Court simply had no need to conduct any Rule 37 analysis whatsoever, as there was no expert witness disclosed or otherwise put forward by Seven Stars…In other words, there was no expert to strike, and therefore no need to address Rule 37," as the District Court correctly held. SS App. at 18.  The Bankruptcy Court did not "strike" Seven Stars' expert because Seven Stars did not have an expert to strike.  But even if it did, it was not an abuse of discretion.  This argument fails.

## IV.    The Bankruptcy Court Correctly Granted Summary Judgment

Ultimately, the Bankruptcy Court granted Defendants' motions for summary judgment because Seven Stars did not advance any competent evidence to establish the element of damages.  SS App. at 94, 108.  As the Bankruptcy Court correctly stated, Seven Stars had "the burden to present evidence justifying a specific and definite amount of economic damages," such that the factfinder could determine damages "with a reasonable degree of certainty, rather than by means of speculation and conjecture," and Seven Stars failed to meet this burden. *Id.* at 92-

Case No. 22-13591-DD

93.   In the initial appeal, the District Court agreed and found that Seven Stars'

evidence failed to advance sufficient evidence to establish damages to a

"reasonable certainty" as required under Florida law.  *Id.* at 29-30.

On appeal, Seven Stars does not challenge the Bankruptcy Court's ruling

that it failed to put forward competent evidence of damages – and it ignores the

District Court's ruling on appeal altogether.  Instead, Seven Stars merely repeats its

baseless argument that the Bankruptcy Court erred by declining its motion to

extend the expired expert disclosure deadline because it was pursuing litigation

funding to finance an expert.[17]  SS Brief at 50-52.  This argument fails for the

---

[17]  In a footnote, Seven Stars makes a cursory argument that the Bankruptcy
Court abused its discretion in striking Eddy Manzo-Berding's untimely declaration
on damages (submitted in response to Defendants' Motions for Summary
Judgment) as a sham declaration.  SS Brief at 45 n.16. As this Court has repeatedly
held, an issue raised only in a footnote is not sufficiently preserve for appeal and
generally will not be considered.  *See Lavigne v. Herbalife, Ltd.*, 967 F.3d 1110,
1120 n.7 (11th Cir. 2020); *Tims v. LGE Community Credit Union*, 935 F.3d 1228,
1240 n.8 (11th Cir. 2019).
    Seven Stars' argument fails on the merits in any case.  The undisputed
record shows that Ms. Manzo-Berding's untimely declaration on damages was
entirely in contradiction to her prior deposition testimony, in which she could not
identify any damages at all. As the District Court noted in affirming the
Bankruptcy Court's order striking the declaration as sham: "In less than a few
months, Ms. Manzo-Berding went from testifying that she was not able to identify
categories of damages to giving dollar-specific estimates," and therefore "the
Bankruptcy Court acted well within its discretion to when it held that the
declaration was a sham." SS App. at 25-26. *See also McCormick v. City of Fort
Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003); *Van T. Junkins & Assoc.,
Inc. v. U.S. Indus., Inc.*, 736 F.2d 657, 657 (11th Cir. 1984); *Liebman v. Metro.*

44

Case No. 22-13591-DD

reasons discussed at length above. The Bankruptcy Court did not abuse its discretion in denying Seven Stars' motion to extend the expert disclosure deadline (as the District Court correctly held in the appeal below) and it did not err in finding that the evidence presented by Seven Stars was insufficient to establish any damages – a finding that Seven Stars **does not dispute** in this appeal. Thus, the Bankruptcy Court was correct in granting summary judgment in favor of Defendants, as the District Court held in the prior appeal. SS App. at 27-30.

---

*Life Ins. Co.*, 708 Fed. Appx. 979, 982-83 (11th Cir. 2017) (no abuse of discretion in disregarding affidavit that contradicted prior deposition testimony).

## CONCLUSION

Seven Stars' appeal in this matter is not only meritless – it is frivolous.  *See* MDG Powerline's Motion for Sanctions Under Rule 38.  Accordingly, for the reasons stated above and in the Motion, the Final Judgment entered in favor of MDG Powerline should be affirmed, and Seven Stars and its counsel should be sanctioned for pursuing this baseless and frivolous appeal.

Respectfully submitted,

By:   */s/ Scott A. Hiaasen*
Scott A. Hiaasen, Esq.
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, PH1
Miami, Florida 33133-5417
Telephone: (305) 858-2900
Facsimile:  (305) 858-5261
shiaasen@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com

*Counsel for Appellee,*
*MDG Powerline Holdings, LLC*

46

Case No. 22-13591-DD

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the word limit of Fed. R. App. P. 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 10,398 words. I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

By: *s/ Scott A. Hiaasen*

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Case No. 22-13591-DD

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Mailing Information for Case No. 22-13591.

| Service List | |
|---|---|
| **Kathleen A. Daly Esq.**<br>kdaly@kadalylaw.com<br>**LAW OFFICE OF**<br>**KATHLEEN A. DALY, P.A.**<br>515 North Flagler Drive, Suite P300<br>West Palm Beach, Florida 33401<br>Telephone: (561) 293-8514<br>Facsimile: (800) 395-8692<br><br>*Counsel for Appellant,*<br>*Seven Stars on the Hudson Corporation* | **Kai Jacobs, Esq.**<br>kj@sflblg.com<br>assistant@sflblg.com<br>**KAI JACOBS, P.A.**<br>2222 Ponce de Leon Blvd.<br>Coral Gables, Florida 33134<br>Telephone: (305) 768-9846<br><br>*Counsel for Appellee,*<br>*XBK Management LLC* |
| **Jeffrey I. Snyder, Esq.**<br>jsnyder@bilzin.com<br>**BILZIN SUMBERG BAENA**<br>**PRICE & AXELROD LLP**<br>1450 Brickell Avenue, 23rd Floor<br>Miami, Florida 33131<br>Telephone: (305) 374-7580<br><br>*Co-Counsel for Appellee MDG*<br>*Powerline Holdings, LLC* | |

/s/ Scott A. Hiaasen
Scott A. Hiaasen

48

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261