# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Case No. 22-13591

SEVEN STARS ON THE HUDSON CORPORATION
d/b/a ROCKIN'JUMP
APPELLANT,

v.

MDG POWERLINE HOLDINGS, LLC, AND
XBK MANAGEMENT, LLC, d/b/a XTREME ACTION PARK
APPELLEES.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

District Court Case No. 22-cv-90299
(Hon. Rodolfo A. Ruiz II, Dist. Judge)

## APPELLEE MDG POWERLINE HOLDINGS, LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS UNDER FEDERAL RULE OF APPELLATE PROCEDURE 38

Scott A. Hiaasen, FBN 103318
**COFFEY BURLINGTON, P.L.**
2601 S. Bayshore Drive, P1
Miami, FL 33133-5417
305-858-2900
shiaasen@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com

*Counsel for Appellee MDG Powerline Holdings, LLC*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Appellee MDG Powerline Holdings, LLC, hereby states the following individuals and entities have an interest in the outcome of this appeal:

Berding, Jens

Bilzin Sumberg Baena Price & Axelrod LLP

Brookmyer, Gary

Brookmyer, Hochman, Probst & Jonas, P.A.

Coffey Burlington, P.L.

Daly, Kathleen

Dezer, Michael

Dezer, Neomi

Dezer XBK Management Investor LLC

Five Stars on the Hudson LLC

Goldfarb, David

Goldfarb LLC

Grossman, Hon. Scott

Hiaasen, Scott A.

Jacobs, Kai

Kai Jacobs, P.A.

C-1 of 2

Law Office of Kathleen A. Daly, P.A.

Manzo-Berding, Eddy

MDG Powerline Holdings, LLC

Primetime Amusements

Raffanello, Susan

Reimer, David

Ruiz, Hon. Rodolfo

Sakalo, Jay

Seven Stars on the Hudson Corp.

Six Stars on the Hudson LLC

Snyder, Jeffrey

Three Stars on the Hudson LLC

XBK Management, LLC

    Pursuant to Rule 26.1, Federal Rules of Appellate Procedure, there is no parent corporation or publicly held corporation that owns more than 10% of Appellee's stock.

## **INTRODUCTION**

After ignoring entirely the District Court's Order affirming the Bankruptcy Court's Final Judgment in its Initial Brief (DE 18), Plaintiff-Appellant Seven Stars on the Hudson Corp. ("Seven Stars" or "Appellant") now claims for the first time in its Response to Defendant-Appellee MDG Powerline Holdings, LLC's ("MDG Powerline") Motion for Sanctions (DE 44) that the District Court erred when it affirmed the judgment and found that Seven Stars had "mischaracterized the record" in its original appeal. In doing so, Seven Stars professes confusion over how it mischaracterized the record (though the District Court was quite clear) and again relies on inapplicable and unsupported arguments – just as they did in the courts below and in this appeal. Seven Stars' belated attempt to challenge the District Court's Order in its Response, after failing to substantively address the Order in its Appellate Brief (DE 18), is itself further evidence that its appeal to this Court is frivolous and sanctionable. Moreover, Seven Stars' Response fails to address the misstatements of the record found by the District Court or the lack of legal support for its straw-man arguments. Seven Stars should be sanctioned for repeating its baseless arguments in this appeal.

# ARGUMENT

I.  **Seven Stars Cites No Applicable Authority for its Good Cause Argument**

In affirming the Bankruptcy Court's judgment in favor of MDG Powerline on appeal, the District Court held that Seven Stars failed in its first appeal to cite any authority to support its argument that a plaintiff's inability to pay for an expert witness constituted "good cause" to amend a scheduling order under Federal Rule of Civil Procedure 16(b). *See* Seven Stars' Appendix ("SS App.") at 22.  On appeal to this Court, Seven Stars simply ignored the District Court's findings and reiterated the exact same arguments based on the same misplaced authority that the District Court rejected as "inapplicable to the issue." *Id.* at 23.  In its Response to MDG Powerline's sanctions motion (DE 44), Seven Stars does not address this patent shortcoming with its appeal.  Instead, Seven Stars complains that the authority cited by MDG Powerline in opposing Seven Stars' motion to extend the discovery deadlines before the Bankruptcy Court was, in its view, also apposite.  DE 44 at 10-12.  This misses the point: It was Seven Stars' burden to demonstrate good cause to amend the scheduling order under Rule 16(b), and, as two courts have unambiguously found, a plaintiff's inability to pay for an expert does not constitute

good cause as a matter of law. Yet Seven Stars continues to advance this baseless argument, despite the absence of any legal support.[1]

Further illustrating the untenable nature of its argument, Seven Stars also complains in its Response that "all [the District Court] did" was to "distinguish *Knight ex rel. Kerr v. Miami-Dade County*, 856 F.3d 795 (11th Cir. 2017) (which was cited by Appellants)." DE 44 at 12. However, Seven Stars does not argue that the District Court was incorrect when it recognized that *Knight* does "not hold that a lack of funding on the part of a party requires a court to limitlessly extend its scheduling order deadlines."[2] SS App. at 22. Rather, Seven Stars attempts to blur the issue by claiming that it was seeking only a limited extension of the discovery deadline. DE 44 at 12-13. Notably, Seven Stars failed to raise this issue (or any issue

---

[1] The frivolity of this argument has been abundantly clear for nearly two years. At the May 12, 2021, hearing on Seven Stars' original motion to extend the expert disclosure deadline, the Bankruptcy Court asked Seven Stars to identify any legal authority holding that a lack of funds for an expert constitutes good cause to modify a scheduling order under Rule 16(b), and Seven Stars could identify none. SS App. at 515. Noting that Seven Stars provided "nothing" in the way of legal support for its position, the Bankruptcy Court correctly found that Seven Stars' inability to pay for an expert witness did not constitute good cause to amend the Scheduling Order and denied the motion. *Id.* at 517-18.

[2] To the contrary, *Knight* confirms that "[w]hile a court may grant a post hoc extension of the discovery deadline for good cause, it is under no obligation to do so and, in fact we have often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion. *Knight*, 856 F.3d at 811 (internal quotations omitted) (emphasis included). No doubt it is for this reason that *Knight* merits only a *footnote* in Seven Stars' Appellate Brief. *See* DE 18 at 36 n.11.

with the District Court's Order) in its Appellate Brief. This is irrelevant in any event: Seven Stars still cannot cite any authority stating that a plaintiff's lack of funds constitutes good cause to modify a scheduling order – no matter whether the plaintiff is seeking a brief extension of a deadline or an extended one. The absence of any legal support for Seven Stars' principal argument is what makes its appeal frivolous. *See Parker v. Am. Traffic Solutions, Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016) ("[a] claim is clearly frivolous if it is 'utterly devoid of merit'") (quoting *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993)).

Similarly, Seven Stars faults the District Court for finding that Seven Stars did not act with due diligence, as required to establish good cause under Rule 16(b). DE 44 at 13-16. But, once again, Seven Stars failed to raise this issue in its Appellate Brief – as it did not appeal any specific finding of the District Court. Moreover, Seven Stars confirms in its Response that it made no effort to obtain third-party litigation funding to finance its case until May 2020 (10 months after it filed suit), when Legalist reached out *to* Seven Stars about litigation funding – a delay the District Court found significant to its finding of a lack of diligence. *Id.* at 14-15. *See also* SS App. at 23. In short, the District Court's finding that Seven Stars failed to act with due diligence to comply with the Bankruptcy Court's Scheduling Order before the expiration of the expert disclosure deadline was supported by the record

– as was the Bankruptcy Court's original finding of the same – and Seven Stars has failed before every court to muster any coherent argument to the contrary.

Seven Stars' attempt to raise new arguments in opposing the sanctions motion that it failed to raise in its appeal is highly improper. But these arguments fail in their own right: Seven Stars' claim that a plaintiff's lack of funding for an expert witness constitutes good cause to amend a scheduling order – and, moreover, that it *compels* a trial court to amend the scheduling order – has no basis in law and is patently frivolous. Accordingly, MDG Powerline's Motion for Sanctions should be granted.

## II.  Seven Stars Fails to Explain How Excusable Neglect Applies

In its Response, Seven Stars again insists that its motion to extend the discovery deadline was governed by Federal Rule of Bankruptcy Procedure 9006(b), and therefore the lower court should have examined whether Seven Stars demonstrated "excusable neglect" for failing to abide by the scheduling order. DE 44 at 16-20. However, as the District Court explained, Rule 9006(b) applies only to *expired* deadlines, and this rule was therefore inapplicable to Seven Stars' motion to extend the deadline to complete all expert discovery, which had not yet expired at the time. SS App. at 21.

Seven Stars states in its Response that it "disagrees with this reasoning" of the District Court. DE 44 at 17. But once again Seven Stars failed to even address the

District Court's Order in its Appellate Brief, where it simply parrots the arguments that the District Court properly rejected. This is sanctionable conduct. *See In re Walker*, 09-11576, 2009 WL 7906786, at *2 (11th Cir. Nov. 18, 2009) (sanctions are appropriate "[w]hen the district court opinion correctly clarifies the meritless nature of a litigant's position"); *In re Smith*, 849 Fed. Appx. 867, 872-73 (11th Cir. 2021) (entering sanctions under Rule 38 against appellants who "continue to assert arguments that have already been flatly rejected by the bankruptcy court, the district court, and by this Court"); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993) ("Sanctions are appropriate if the appellant merely restates arguments properly rejected by the district court that are unsupported by a reasoned colorable argument for altering the district court's judgment").

Rather than heed the District Court's admonitions, Seven Stars simply ignored them altogether. For this, Seven Stars should be sanctioned.

### III. Fed. R. Civ. P. 37 Does Not Apply

Finally, Seven Stars again claims in its Response that it was **sanctioned** by the Bankruptcy Court under Fed. R. Civ. P. 37(c)(1) – even *after* the District Court (and MDG Powerline) highlighted the fact that *this never happened*. DE 44 at 20-23. As the District Court held, "the Bankruptcy Court simply had no need to conduct any Rule 37 analysis whatsoever…there was no expert witness to strike, and therefore no need to address Rule 37." SS App. at 18. The District Court further

explained that "Seven Stars' argument essentially construes the Bankruptcy Court's refusal to extend the expert discovery deadline as a sanction under Rule 37(c)(1) that struck any hypothetical evidence Seven Stars might have offered on the issue of damages." *Id.* at 18.

Seven Stars appears to argue that its incorrect assertion that it was improperly sanctioned under Rule 37 is not frivolous because the Bankruptcy Court referenced Rule 37 in its order granting summary judgment in favor of MDG Powerline. DE 44 at 20. However, as the District Court explained in the prior appeal, the Bankruptcy Court "alternatively address[ed] why Seven Stars would have failed to meet its burden under Rule 37(c)(1) had it proffered untimely expert evidence of damages," but in doing so "the Bankruptcy Court did not commit error," the District Court found. *Id.* Moreover, the Bankruptcy Court engaged in this "alternative" discussion in response to Seven Stars' own misleading, straw-man arguments below.

MDG Powerline first moved for sanctions before the Bankruptcy Court under Fed. R. Civ. P. 37 to exclude untimely, previously undisclosed evidence that Seven Stars improperly attempted to introduce to support a new, undisclosed damages theory it advanced *after* Defendants moved for summary judgment.[3] *Id.* at 1041-48.

---

[3] This improper, untimely evidence included a sham declaration from Seven Stars' principal, Eddy Manzo-Berding, that contradicted her deposition testimony and was stricken from the summary judgment record by the Bankruptcy Court. That order was affirmed by the District Court on appeal. *See* SS App. at 24-26. Seven Stars attempts to raise a point of error regarding that order in a footnote in its

Seven Stars used its response to MDG Powerline's sanctions motion to repeat its argument that the Bankruptcy Court should have extended the expert disclosure deadline, and attempted to reframe MDG Powerline's sanctions motion around its own "failure to make sufficient expert disclosures" (though in fact it made no disclosures at all) instead of its attempt to assert an entirely new damages theory to avoid summary judgment. *Id.* at 1065-67.

It was in response to this straw man argument that the Bankruptcy Court discussed in its Memorandum Opinion whether Appellant's failure to identify an expert witness within the court-ordered deadline – and its failure to disclose any damages in discovery – was substantially justified or harmless under Rule 37(c)(1). *Id.* at 94-102. However, as the District Court noted, no evidence was stricken under Rule 37 (because there was no proffered evidence to strike) and the Bankruptcy Court merely "alternatively address[ed] why Seven Stars would have failed to meet its burden under Rule 37(c)(1) had it proffered untimely expert evidence of damages." *Id.* at 18. This attempt to "recast" the Bankruptcy Court's order as a sanctions order under Rule 37 is plainly what the District Court was referencing when it chided Seven Stars for "mischaracterize[ing] the record." *Id.* at 31.

---

Appellate Brief, *see* DE 18 at 55 n.16, which is insufficient to preserve the issue for appeal. *See Lavigne v. Herbalife, Ltd.*, 967 F.3d 1110, 1120 n.7 (11th Cir. 2020); *Tims v. LGE Community Credit Union*, 935 F.3d 1228, 1240 n.8 (11th Cir. 2019).

But this did not stop Seven Stars from mischaracterizing the record all over again in its appeal to this Court. This is sanctionable conduct, as this Court has found under similar circumstances. *See, e.g., United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008) (sanctions are appropriate where party's "arguments are frivolous and he had been warned about raising them").

## **CONCLUSION**

The record shows that Seven Stars "simply ignored" the deadline for expert disclosures and then tried to excuse its litigation conduct with a series of frivolous arguments that have been flatly rejected by both the Bankruptcy Court and the District Court. After the District Court identified the many flaws in Seven Stars' arguments in a detailed, 25-page Order, Seven Stars simply ignored the Order and filed a carbon-copy Brief with this Court, raising the same frivolous arguments, word for word, that the District Court rejected. This vexatious litigation conduct should not be tolerated.

WHEREFORE, for the reasons stated herein and in its Motion (DE 33), Appellee MDG Powerline Holdings, LLC, respectfully moves for an Order sanctioning Seven Stars and its counsel, jointly and severally, and ordering them to pay MDG Powerline's attorneys' fees and double costs pursuant to Federal Rule of Appellate 38, and such other relief as the Court deems just and proper.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Respectfully submitted,

COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, P1
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

By: /s/ *Scott A. Hiaasen*
   Scott A. Hiaasen, FBN 103318
   shiaasen@coffeyburlington.com
   lperez@coffeyburlington.com
   service@coffeyburlington.com

*Counsel for Appellee MDG Powerline Holdings, LLC*

## CERTIFICATE OF COMPLIANCE

I certify that this Reply complies with the word limit of Fed. R. App. P. 27(d)(2)(C) because this document contains 2,253 words. I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

By: <u>*s/ Scott A. Hiaasen*</u>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on March 16, 2023, on all counsel or parties of record on the Service List below.

s/ <i>Scott Hiaasen</i>

| Service List ||
|---|---|
| **Kathleen A. Daly, Esq.**<br>Law Office of Kathleen A. Daly, P.A.<br>515 North Flagler Drive<br>Suite P300<br>West Palm Beach, Florida 33401<br>Telephone: (561) 293-8514<br>kdaly@kadalylaw.com<br>*Counsel for Appellant* | **Kai Jacobs, Esq.**<br>Kai Jacobs, P.A.<br>2222 Ponce de Leon Blvd.<br>Coral Gables, Florida 33134<br>Telephone: (305) 768-9846<br>kj@sflblg.com<br>assistant@sflblg.com<br>*Counsel for Appellee XBK Management LLC* |
| **Jeffrey I. Snyder, Esq.**<br>BILZIN SUMBERG BAENA PRICE & AXELROD LLP<br>1450 Brickell Avenue, 23rd Floor<br>Miami, Florida 33131<br>Telephone: (305) 374-7580<br>jsnyder@bilzin.com<br>*Co-Counsel for Appellee MDG Powerline Holdings, LLC* | |